UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA AH CHAN,

        Plaintiff,

  v.

GRUBHUB HOLDINGS INC.,

        Defendant.

CASE NO. C23-5744 BHS

ORDER

This matter is before the Court on Defendant Grubhub Holdings Inc.'s motion to dismiss Plaintiff Joshua Ah Chan's public nuisance claim, Dkt. 5. Because this claim is not plausible, Grubhub's motion is granted.

This matter arises from a motor vehicle collision between Chan and Deborah Redford. Dkt. 1-3. ¶ 5. Chan alleges that Redford was entirely at fault for the collision and that he suffered "serious injuries" from it. *Id.* ¶¶ 5–6, 9. Chan claims that, at the time of the collision, Redford was delivering food for Grubhub. *Id.* ¶ 7. He asserts that Redford did not have the automobile insurance required to work as a delivery driver. *Id.* ¶ 14. Chan contends that Redford "procured the wrong insurance by accident and

ORDER - 1

GRUBHUB failed to reject it, creating the risk of uninsured drivers on Washington roads." *Id.* Chan and Redford ultimately settled Redford's liability for $99,000. *Id.* ¶ 11.

Chan sued Grubhub in Kitsap County Superior County, alleging that Grubhub is liable for Chan's injuries because of negligence, partnership liability, violating the consumer production act, agency-principal liability, respondeat superior, and public nuisance. Dkt. 1-3, ¶¶ 17–41. Grubhub removed the case to this Court. Dkt. 1.

Grubhub contends that Chan's public nuisance claim is not plausible because "he has not alleged any act or omission on the part of Grubhub that affects an entire community" and the claim does not "arise from interference with the use and enjoyment of his property." Dkt. 5 at 4.

Chan responds that Grubhub created a public nuisance "by encouraging its drivers to travel on streets and highways without liability insurance (or failing to provide liability coverage)." Dkt. 9 at 4. He asserts that this "business model creates risk to the public by placing uninsured delivery drives . . . on the road," *id.* at 6, "causing the public to suffer uncompensated losses." *Id.* at 8.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although

ORDER - 2

courts must accept as true the complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

"An ordinary private nuisance action requires the plaintiff to show that the defendant's conduct caused substantial and unreasonable interference with the plaintiff's property interest." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 25 Wn. App. 2d 741, 749 (2023). "A public nuisance requires either a violation of one of the statutorily enumerated public nuisances in RCW 7.48.140, or for the plaintiff to show that the nuisance activity 'affects equally the rights of an entire community or neighborhood, although the extent of the damage may be unequal." *Id.* (quoting *Kitsap County v. Kev, Inc.*, 106 Wn.2d 135, 139 (1986); RCW 7.48.130).

Chan argues that Grubhub is liable for creating a public nuisance in violation of RCW 7.48.140(4), which provides:

>It is a public nuisance:
>. . .
>(4) To *obstruct* or *encroach upon* public highway, private ways, streets, alleys, commons, landing places, and ways to burying places or to unlawfully *obstruct* or *impede* the flow of municipal transit vehicles as defined in RCW 46.04.355 or passenger traffic, access to municipal transit vehicles or stations as defined in *RCW 9.91.025(2)(a), or *otherwise interfere* with the provision or use of public transportation services, or *obstruct* or *impede* a municipal transit driver, operator, or supervisor in the performance of that individual's duties.

(Emphasis added).

Chan contends that Grubhub's failure "to verify Ms. Redford's lack of commercial insurance coverage" "is an obstruction to the use of roads, as the lack of insurance can interfere with the use of roads/highways by having an accident deprive a motorist of their property without any insurance coverage to cover the loss." Dkt. 9 at 6.

The Court disagrees. RCW 7.48.140(4) plainly defines as public nuisance the *physical* obstruction, encroachment, impediment, or interference with public roads or transportation. Redford's lack of commercial insurance did not physically prevent Chan from using public roads. Indeed, Chan was using a public road when Redford collided with him. Chan accordingly fails to plausibly claim that Grubhub violated RCW 7.48.140(4).

Nor has Chan asserted any other plausible theory to support a public nuisance claim. The Washington Supreme Court "has limited nuisances to actions that interfere in the use and enjoyment of property or threaten public health and safety." *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, 1 Wn.3d 925, 933 (2023). "Nearly all of the conduct the legislature has named a public nuisance relates to adverse impact on public

land . . . , interference in use and enjoyment of property, or threats to public health and safety." *Id.* at 932–33. In the "few cases" that the Washington Supreme Court has "expanded [its] nuisance analysis to interference in public property," the court has "relied specifically on legislative enumerations of nuisance, and long-standing nuisances recognized by [the] court, rather than the analysis of interference in private property." *Id.* at 931–32.

As Grubhub correctly asserts, "none of [Chan's] allegations describe community interference with property rights, and the allegations do not fit into one of the enumerated public nuisance scenarios under RCW 7.48.140." Dkt. 10 at 4. Chan does not cite any authority classifying the challenged conduct—a company's failure to ensure that its delivery drivers are properly insured—as a public nuisance.

Grubhub also persuasively contends that this claim is nothing more than a negligence claim cloaked as a nuisance claim. *See* Dkt. 5 at 4 (citing *Atherton Condo. Apartment-Owners Ass'n Bd. of Directors v. Blume Dev. Co.*, 115 Wn.2d 506, 527 (1990)). "In Washington, a 'negligence claim presented in the garb of nuisance' need not be considered apart from the negligence claim." *Atherton Condo.*, 115 Wn.2d at 527 (quoting *Hostetler v. Ward*, 41 Wn. App. 343, 360 (1985)). "In those situations where the alleged nuisance is the result of the defendant's alleged negligent conduct, rules of negligence are applied." *Atherton Condo.*, 115 Wn.2d at 527.

For these reasons, it is hereby **ORDERED** that Grubhub's motion to dismiss Chan's public nuisance claim, Dkt. 5, **GRANTED**. This claim is **DISMISSED with prejudice**.

1 \\

2 Dated this 21st day of March, 2024.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge